82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher A. ESTEP, Plaintiff-Appellant,
v.
Michael J. O'DEA, III, Defendant-Appellee.
 No. 95-5993.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: KENNEDY and COLE, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Christopher A. Estep, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Estep sued the prison warden, Michael J. O'Dea. Estep claimed that a prison regulation unconstitutionally infringed upon his right to exercise his religion by preventing him from having wine during Holy Communion.
 
 
 4
 Upon review of the magistrate judge's report and over Estep's objections, the district court granted summary judgment in favor of the defendant. Estep has filed a timely appeal, reasserting the same claim.
 
 
 5
 This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see City Mgmt. Corp., 43 F.3d at 250.
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendant for the reasons set forth in the magistrate judge's report and recommendation. Forbidding prisoners to possess alcohol, even to observe Holy Communion, is reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987); Pollock v. Marshall, 845 F.2d 656, 658 (6th Cir.), cert. denied, 488 U.S. 897 (1988). Furthermore, the prison permitted Estep to observe Communion with bread alone, an alternative sanctioned by Estep's church. Thus, the defendant did not unconstitutionally restrict Estep's right of Free Exercise.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation